```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MURPHY CONSTRUCTION CO.,                CIVIL ACTION
ET AL.

VERSUS                                  NO. 06-7614

ST. BERNARD PARISH, ET AL.              SECTION "R"(3)
```

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this action to state court. For the following reasons, the Court GRANTS the plaintiffs' motion.

**I.   BACKGROUND**

Plaintiffs Murphy Construction Company and Lamont L. Murphy bring this action against defendants St. Bernard Parish, St. Bernard Sheriff's Office, St. Bernard Fire Department, American Alternative Insurance Company, and Fireman's Fund Insurance Company for claims arising from an alleged incident that took place in the aftermath of Hurricane Katrina. Plaintiffs assert that on August 31, 2005, two days after Hurricane Katrina struck

southeastern Louisiana, representatives from the St. Bernard Parish government showed up at plaintiffs' place of business and demanded the use of three of plaintiffs' Caterpillar machines to remove hurricane-related debris from the Parish's roads. (R. Doc. 1-2, at 3). During this visit, St. Bernard Parish personnel allegedly promised plaintiffs that the Parish "would assume full liability for any damage caused to the machinery." (*Id.*). Plaintiffs claim the Parish did not return the machines and, when plaintiffs eventually found them, they were damaged. (*Id.*). The Parish allegedly has not compensated plaintiffs for their damaged machinery, despite plaintiffs' requests. (*Id.*). Plaintiffs also assert that they have not received payment from defendant Fireman's Fund for their damaged machines, which were insured by a Fireman's Fund policy. Plaintiffs have sued all parties for damages in the amount of the cost of repair to the three Caterpillar machines and loss of business profits. (*Id.*).

Plaintiffs filed their claims in Louisiana state court, and Fireman's Fund removed them on October 10, 2006. Fireman's Fund's citizenship is diverse from plaintiffs, but the St. Bernard Parish entities, like plaintiffs, are domiciled in Louisiana. The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332. *See McLaughlin v. Mississippi Power Co.*, 376 F.3d

344, 353 (5th Cir. 2004). Fireman's Fund asserts that this Court has jurisdiction under 28 U.S.C. § 1332 because the other defendants were joined improperly with Fireman's Fund and thus their citizenship should not be considered when determining jurisdiction. On November 3, 2006, plaintiffs filed a motion to remand, alleging that removal was improper because the nondiverse defendants were joined properly with Fireman's Fund. It is undisputed that the amount in controversy exceeds $75,000. (R. Doc. 1, at 6).

## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law:

the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's

jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### III. DISCUSSION

As noted above, defendant Fireman's Fund removed this case to federal court based on the alleged improper joinder of the plaintiffs' claims against Fireman's Fund and the St. Bernard Parish entities.  Fireman's Fund asserts that the claims against it are based in contract, whereas the claims against the St. Bernard Parish entities are grounded in tort.  Essentially, Fireman's Fund seeks severance of plaintiffs' claims, and then asks the Court to exercise jurisdiction over the claims against Fireman's Fund under Section 1332.

Defendants rely on the Eleventh Circuit's decision in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  In *Tapscott*, the Eleventh Circuit recognized that fraudulent joinder can exist when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  The court identified this scenario as a third type of fraudulent

joinder in addition to the two identified in *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).[1] Specifically, the Eleventh Circuit held that "egregious" misjoinder, but not "mere" misjoinder, of parties that have no real connection with each other can constitute fraudulent joinder. *Tapscott*, 77 F.3d at 1360. The Fifth Circuit appears to have adopted *Tapscott*'s conception of fraudulent joinder in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).[2] There, the Fifth Circuit stated that a district court in its jurisdictional determination should consider whether misjoinder of a nondiverse party can defeat diversity jurisdiction. *Id.* at 298 (citing *Tapscott*, 77 F.3d at 1360). In a later petition for a writ of mandamus in that case, the court held that it did not have jurisdiction to review the district court's conclusion as to misjoinder, but it stated that its decision did not "detract[]

---

[1] In *Ross*, the Fifth Circuit stated that fraudulent joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. 344 F.3d at 461. Defendants here do not allege improper joinder on either of these grounds.

[2] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases, causing no shortage of confusion.

from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction." *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002).

More recently, the Fifth Circuit appeared to recognize the *Tapscott* principle in *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). There, the Fifth Circuit determined that federal jurisdiction over removed claims against a diverse defendant was proper, even though removal was precipitated by the state court's severance of these claims from plaintiff's claims against a nondiverse defendant over plaintiff's objection. *Id.* Plaintiff argued that the removal was improper because it was not based on the voluntary act of the plaintiff. The Fifth Circuit confirmed that dismissal of a fraudulently joined defendant was an exception to the voluntary-involuntary rule. The court then held that even if the scenario before it did not satisfy the criteria for traditional fraudulent joinder (*i.e.*, fraud in the pleadings or inability to establish a cause of action against the in-state defendant), a like exception to the voluntary-involuntary rule applied to the improperly joined claims. The court stated:

> The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or

> in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly . . . joined.

*Id.* In reaching its conclusion, the court cited *Tapscott* by analogy. *Id.* at n.5. The Fifth Circuit's apparent endorsement of the *Tapscott* principle in *Benjamin Moore* and *Crockett* guides the Court's decision in this case.[3]

Under *Tapscott*, the Court must determine if joinder of the claims against Fireman's Fund and the St. Bernard Parish entities is so egregious as to constitute improper joinder. As a

---

[3] It is worth noting that the Fifth and Eleventh Circuits appear to be the only circuit courts that have endorsed the *Tapscott* analysis, although district courts in other circuits have also done so. *See, e.g., Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357 (S.D.N.Y. 2006); *Asher v. Minn. Mining & Mfg. Co.*, 2005 WL 1593941 (E.D. Ky. June 30, 2005); *Lyons v. Lutheran Hosp. of Ind.*, 2004 WL 2272203 (S.D. Ind. Sept. 15, 2004). The doctrine is not without its detractors. Some district courts have described the *Tapscott* doctrine as unsupported by Supreme Court authority, contrary to the narrow construction to be given removal statutes, and productive of unnecessary confusion. *See, e.g., Bird v. Carteret Mortgage Group*, 2007 WL 43551, at *5 (S.D. Ohio Jan. 5, 2007); *Rutherford v. Merck & Co., Inc.*, 428 F.Supp.2d 842, 851-52 (S.D. Ill. 2006); *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1128 (E.D. Cal. 2004); *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723 at 658 (2006) (describing this third type of improper joinder as adding "a further level of complexity – and additional litigation – to a federal court's decision regarding removal jurisdiction"). In particular, courts have questioned whether *Tapscott*'s distinction between mere misjoinder and egregious misjoinder might be so subjective as to be unworkable. *See Rutherford*, 428 F.Supp.2d at 852-53.

predicate to that decision, the Court must decide whether federal or state rules of joinder apply in a *Tapscott* analysis. Recently, in *Janice Accardo, et al. v. Lafayette Insurance Company, et al.*, Civ. Docket No. 06-8568, this Court found that the better-reasoned approach is to apply state joinder law to decide whether plaintiff has misjoined a nondiverse party in an effort to defeat federal diversity jurisdiction.  The Court thoroughly addressed this issue in *Accardo* and finds no reason to reach a different result here.

Thus, in this case, the relevant state joinder rule is Article 463 of the Louisiana Code of Civil Procedure.  That article states, in relevant part:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
> (1) There is a community of interest between the parties joined;
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

La. Code Civ. P. article 463.[4]  The Louisiana Supreme Court has defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or presenting the same factual and legal issues.'"  *Stevens v. Bd.*

---

[4] There is no allegation here that plaintiffs' petition does not meet the second and third requirements.

*of Trustees of Police Pension Fund of City of Shreveport*, 309 So. 2d 144, 147 (La. 1975) (quoting Official Revision Comment (c), Article 463); *see also Gill v. City of Lake Charles*, 119 La. 17 (1907).  Elaborating on the meaning of "community of interest" in Article 463, the Louisiana Fourth Circuit Court of Appeal has stated that a "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together."  *Mauberret-Lavie v. Lavie*, 850 So. 2d 1, 2 (La. Ct. App. 2003), *writ denied*, 861 So. 2d 569 (La. 2003).

     The Court finds that there is sufficient factual overlap between the claims against Fireman's Fund and the St. Bernard Parish entities to make it a matter of common sense for the parties to litigate these claims together.  Indeed, the claims arise out of the same set of facts, namely the manner in which St. Bernard Parish used plaintiffs' equipment.  The insurance policy at issue covers the peril of theft, but excludes property "while leased, loaned or rented to others."  (R. Doc. 5-4, at 2). Thus, the central issue is how the machines came into the possession of St. Bernard Parish personnel after Hurricane Katrina.  While the legal nature of plaintiffs' claims against Fireman's Fund and the St. Bernard Parish entities are different, it appears likely that a court need only find one set of facts to

dispose of plaintiffs' claims.  The Court therefore finds that the joinder of plaintiffs' claims against defendants in this action does not constitute egregious misjoinder under Louisiana joinder rules.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.  The case is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, this  6th  day of February, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT

---

[5] The Court also notes that even if federal joinder rules applied to this analysis, the outcome would remain the same.  Under Rule 20(a) of the Federal Rules of Civil Procedure, "All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  For the same reasons discussed above, the claims arise out of the same transaction or occurrence and there are clearly questions of fact common to all defendants.  Therefore, the Court finds that, whether it applies state or federal procedural rules, the joinder of the claims against all of the defendants in this matter does not constitute egregious misjoinder under *Tapscott*.